# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNAH BURTON and MICHELLE BLAIR, individually and on behalf of all others similarly-situated,<br><br>    Plaintiffs,<br><br>v.<br><br>INVENTURE FOODS, INC.,<br><br>    Defendant. | No. 3:17-cv-00134<br><br>**JURY DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs, Shannah Burton and Michelle Blair, individually and on behalf of all others similarly-situated, allege the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

## CASE SUMMARY

1. This case arises out of Defendant Inventure Foods, Inc.'s ("Defendant") deceptive, unfair, and false merchandising practices regarding its Boulder Canyon branded snack chips including its Canyon Cut Avocado Oil Sea Salt & Cracked Pepper, Olive Oil Sea Salt & Cracked Pepper chips; Honey Bar-B-Que flavored chips; Kettle Cooked Hickory Barbeque, Jalapeno Cheddar, Sea Salt & Cracked Pepper flavored chips; and its Hummus & Sesame; Rice & Adzuki Beans Chipotle Cheese; and Rice & Adzuki Bean Lightly Salted flavored specialty snack chips (the "Products").

2. On the labels of the Products, Defendant lists Evaporated Cane Juice ("ECJ") as an ingredient. ECJ, however, is not juice at all—it is sugar in disguise. In May 2016, the FDA made clear that "the term 'evaporated cane juice' is false and misleading because it suggests that

1

the sweetener is 'juice' or is made from 'juice' and does not reveal that its basic nature and characterizing properties are those of sugar." The FDA continued: "The term 'evaporated cane juice' is not the common or usual name of any type of sweetener" and "this ingredient should instead be declared on food labels as 'sugar.'"

3. By mislabeling sugar as ECJ, Defendant misleads consumers into thinking those Products have less sugar than they actually contain.

4. In fact, the Nutrition Facts of the Products fail disclose the presence of any sugar in the Products at all. Indeed, the Nutrition Facts claim that the Products contain 0 grams of sugar.

5. In addition, by claiming the Products contain ECJ and no sugar, the labels of the Products create the false impression and have the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Products contain less sugar than they actually contain. Moreover, the overall format and appearance of the labels of the Products have the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because they create the false impression that the Products contain less sugar than they actually contain.

6. Plaintiff Burton brings this case for declaratory and equitable relief and to recover damages on behalf of an Illinois Class for Defendant's false, deceptive, unfair, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 Ill. Comp. Stat. Ann. 505/2, and Illinois common law.

7. Plaintiff Blair brings this case for declaratory and equitable relief and to recover damages on behalf of a Missouri Class for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act (the "MMPA"), Mo. Rev. Stat § 407.020.43, and Missouri common law.

8.  Both Plaintiffs bring this case on behalf of a Nationwide Class to recover damages for Defendant's unjust enrichment and breach of express warranty.

## PARTIES

9.  Plaintiff Shannah Burton is an Illinois citizen residing in St. Clair County, Illinois. On at least one occasion during the Class Period (as defined below), including in January or February 2017, Plaintiff purchased Defendant's Canyon Cut Avocado Oil Sea Salt & Cracked Pepper flavored chips at Dierbergs for personal, family, or household purposes after reviewing the labels, which deceived her. If Plaintiff had known the Product contained sugar disguised as ECJ, she would not have purchased it or would have paid less for it. The purchase price of the Product was $3.29. Plaintiff's claim is typical of all class members in this regard.

10. Plaintiff Michelle Blair is a Missouri citizen residing in St. Louis, Missouri. On at least one occasion during the Class Period (as defined below), including in September or October 2016, Plaintiff purchased Defendant's Canyon Cut Avocado Oil Sea Salt & Cracked Pepper flavored chips at Dierbergs for personal, family, or household purposes after reviewing the labels, which deceived her. If Plaintiff had known the Product contained sugar disguised as ECJ, she would not have purchased it or would have paid less for it. The purchase price of the Product was $3.29. Plaintiff's claim is typical of all class members in this regard.

11. Defendant Inventure Foods, Inc. is incorporated in Delaware with its principal place of business located in Phoenix, Arizona.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter presented by this Class Action Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), which explicitly provides for the original jurisdiction of the federal courts of any

class action in which any member of the Putative Class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs. For diversity purposes, Plaintiff York is a citizen of the State of Illinois, St. Clair County; Plaintiff Blair is a citizen of the State of Missouri, St. Louis County; and Defendant is a citizen of Arizona where its headquarters are or Delaware where it is incorporated.

13. Pursuant to 28 U.S.C. § 1332(d)(2)(A), Plaintiff alleges that damages resulting from the claims in this action are more than $5,000,000.00, in the aggregate, exclusive of interest and costs.

14. This Court has personal jurisdiction over Defendant because Defendant has had more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Illinois that gives rise to civil liability, including distributing the misleading Products for sale throughout the State of Illinois.

15. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff Burton purchased the Product in this judicial District.

## ALLEGATIONS OF FACT

16. Defendant manufactures, sells, and distributes snack chips, including the Products.

17. Plaintiffs are consumers who are interested in purchasing foods that do not contain added sugar.

18. Knowing that consumers like Plaintiffs are increasingly interested in purchasing products that do not contain added sugar, Defendant has sought to take advantage of this growing market by labeling certain products as containing ECJ instead of sugar.

19. By affixing such a label to the packaging of the Products, Defendant can entice consumers like Plaintiffs to purchase its Products and to pay a premium for the Products and/or to purchase more of the Products than they otherwise would have had the truth be known.

20. The labels of the Products are deceptive, false, unfair, and misleading in that Defendant lists ECJ as an ingredient instead of sugar, and because the Products' Nutrition Facts claim the Products contain no sugar.

21. ECJ is not juice. It is sugar.

22. By calling added sugar "ECJ" and representing that the Products contain 0 grams of sugar, Defendant misleads Plaintiffs and reasonable consumers into believing that the Products contain less sugar then they actually do.

23. The FDA could not be more clear: "Sweeteners derived from sugar cane should not be listed in the ingredient declarations by names such as 'evaporated cane juice,' which suggests that the ingredients are made from or contain fruit or vegetable 'juice[.] We consider such representations to be false and misleading[.]"

24. Because of Defendant's deceitful labels, Defendant was able to charge, and Plaintiffs and class members paid a premium, for the Products.

25. Due to the deceitful labels, The Products were worth less than they were represented to be, and Plaintiffs and Class Members paid extra for them due to the ECJ and no sugar representation.

26. No reasonable consumer would know or should know when reviewing the Products' labels that ECJ is sugar.

27. Defendant's misrepresentation constitutes unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation within the meaning of the ICFA.  815 ILCS 505/2

28. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

## CLASS ALLEGATIONS

24. For class certification purposes, the term "Boulder Canyon Snack Chips" includes the following Products:

    a. Canyon Cut Avocado Oil Sea Salt & Cracked Pepper Chips;
    b. Canyon Cut Olive Oil Sea Salt & Cracked Pepper Chips;
    c. Canyon Cut Honey Bar-B-Que Chips;
    d. Kettle Cooked Hickory Barbeque Chips;
    e. Kettle Cooked Jalapeno Cheddar Chips;
    f. Kettle Cooked Sea Salt & Cracked Pepper Chips;
    g. Hummus & Sesame Chips;
    h. Rice & Adzuki Beans Chipotle Cheese Chips; and
    i. Rice & Adzuki Bean Lightly Salted Chips.

25. For class certification purposes, the "Class Period" is defined as the five years preceding the filing of Plaintiff Blair's original complaint in this case, which is November 14, 2011, through the present.

26. Pursuant to Fed. R. Civ. Pro. 23(a), (b)(2) and (b)(3), Plaintiffs bring this action on their own behalf and on behalf of the following proposed classes of all other similarly situated persons ("Class Members" of the "Classes") consisting of:

- <u>The Nationwide Class</u>: All citizens of all states in the United States who purchased Boulder Canyon Snack Chips during the Class Period.

- <u>The Illinois Class</u>: All citizens of Illinois who purchased Boulder Canyon Snack Chips for personal, household, or family purposes and not for resale during the Class Period.

- <u>The Missouri Class</u>: All citizens of Missouri who purchased Boulder Canyon Snack Chips for personal, household, or family purposes and not for resale during the Class Period.

27. Excluded from the Classes are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

28. Upon information and belief, the Classes consist of thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

29. There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

  a. Whether the representation that the Products contain ECJ instead of sugar is false, misleading, unfair, and deceptive;

  b. Whether the representation that the Products contain o grams of sugar is false, misleading, unfair, and deceptive;

  c. Whether Defendant violated the ICFA by selling the Products with false, misleading, and deceptive representations;

  d. Whether Defendant violated the MMPA by selling the Products with false, misleading, and deceptive representations;

  e. Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

  f. Whether Defendant was unjustly enriched;

  g. Whether Defendant made and breached an express warranty; and

  h. The proper measure of damages sustained by Plaintiff and Class Members.

30. The claims of the Plaintiffs are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiffs and Defendant's conduct affecting Class Members, and Plaintiffs have no interests adverse to the interests other Class Members.

31. Plaintiffs will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

32. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other

group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a. The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Classes;

    b. Absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

    c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiffs and Class Members can seek redress for the harm caused to them by Defendant.

33. Because Plaintiffs seek relief for the entire Classes, the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual member of the Classes, which would establish incompatible standards of conduct for Defendant.

34. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Classes would, as a practical matter, be dispositive of the interest of other members of the Classes who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

35. Defendant has acted on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## CLAIMS FOR RELIEF

### Count I — Violation of the ICFA

### (On Behalf of the Illinois Class)

36. Plaintiff York repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

37. The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 Ill. Comp. Stat. Ann. 505/2

38. In construing the ICFA, consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

39. As has been confirmed by the FDA, Defendant's conduct in advertising and selling the Products (1) as containing ECJ instead of sugar; and (2) representing that the Products contain no sugar constitutes the act, use and employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

40. Defendant intended that Plaintiff and the Class Members would rely on its representations regarding ECJ and sugar. Defendant is aware that consumers like Plaintiff and Class Members are becoming more and more interested in purchasing products with no added sugar. Defendant intended to prey on this interest.

41. The ECJ and no sugar misrepresentations are material because they concern the type of information upon which a reasonable consumer would be expected to rely in making a decision whether to purchase the Products.

42. Because Defendant is in the business of selling snack foods, Defendant committed the unfair and deceptive acts in the conduct of its trade and commerce.

43. Defendant's practice of advertising and selling the Products (1) as containing ECJ instead of sugar; and (2) representing that the Products contain no sugar is also unfair. The practice offends public policy and is immoral, unethical, and unscrupulous because Illinois consumers are increasingly interested in purchasing products with no added sugar. Failing to disclose that the Products contain sugar offends the public's expectation to be told the truth about the products they are buying.

44. Defendant's conduct causes substantial injury to consumers. Not only are consumers being misled into purchasing Products that are not what they are represented to be, but exposing consumers to unwanted, potentially harmful sugar is substantially injurious.

45. Neither Plaintiff nor any reasonable consumer would know that ECJ is sugar or that Products labeled as containing 0 grams of sugar actually contain sugar.

46. Because the sugar content of the Products was misrepresented, the Products as sold were worth less than the Products as represented, and Plaintiff and class members paid a premium for them. Had the truth be known, Plaintiff and Class Members would not have purchased the Products, would have paid less for them, or would have purchased less of them.

47. Plaintiff and Class Members were deceived by the ECJ and no sugar representations and suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Products and the value of the Products if they had been as represented.

## Count II — Violation of MMPA

### (On Behalf of the Missouri Class)

48. Plaintiff Blair repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

49. Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. Mo. Rev. Stat § 407.020.43.

50. Defendant's conduct as described herein constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or

advertisement of any merchandise in trade or commerce in that Defendant misrepresents that the Products contain ECJ instead of sugar and contain 0 grams of sugar.

51. By claiming the Products contain ECJ and no sugar, the labels of the Products create the false impression and have the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Products contain less sugar than they actually contain. Moreover, the overall format and appearance of the labels of the Products have the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because they create the false impression that the Products contain less sugar than they actually contain.

52. Neither Plaintiff nor any reasonable consumer would know that ECJ is sugar or that Products labeled as containing 0 grams of sugar actually contain sugar.

53. As a result of Defendant's deceitful labels, Defendant was able to charge and Plaintiff paid a premium for the Products. The Products were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to the ECJ and 0 sugar representations.

54. Plaintiff and Class Members purchased the Products for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Products and the value of the Products if they had been as represented.

## Count III — Unjust Enrichment
## (On Behalf of the Nationwide Class)

55. Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

56. By purchasing the Products, Plaintiffs and the class members conferred a benefit on Defendant in the form of the purchase price of the deceptive Products.

57. Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would have no sales and make no money.

58. Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Products.

59. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Illinois law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## Count IV — Breach of Express Warranty

**(On Behalf of the Nationwide Class)**

60. Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

61. Defendant made the affirmation of fact and the promise to Plaintiffs and the class members that the Products contained no sugar, guaranteeing to Plaintiffs and the class members that the Products were in conformance with the representation.

62. These affirmations of fact and promises became part of the basis of the bargain in which Plaintiffs and class members purchased Defendant's Products, and Plaintiffs and class members relied on the affirmation when making their purchasing decisions.

63. Defendant breached its express warranty that the Products contained no sugar by providing Plaintiffs and class members with Products that contain ECJ disguised as sugar.

64. As a result of Defendant's breach of warranty, Plaintiffs and the class members have been deprived of the benefit of their bargain in that they bought Products that were not what they were represented to be, and they have spent money on Products that had less value than was reflected in the premium purchase price they paid for the Products.

65. Because Defendant made the affirmation of fact and promise directly on its own labels and packaging, privity is not required to bring this claim.

66. Because Defendant has actual knowledge that its Products contain ECJ and sugar, and because others have already alerted Defendant to the issues with its Products, pre-suit notice of this claim is not required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all similarly situated persons, prays the Court:

    a. Grant certification of this case as a class action;

    b. For an award of declaratory and equitable relief declaring Defendant's conduct to be in violation of ICFA and the MMPA, and enjoining Defendant from continuing to engage in deceptive, unfair, and false marketing of the Products;

    c. Appoint Plaintiffs as Class Representative and Plaintiff's counsel as Class Counsel;

    d. Award compensatory damages to Plaintiffs and the proposed Classes, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

    e. Award pre- and post-judgment interest;

    f. Award reasonable and necessary attorneys' fees and costs; and

    g. For all such other and further relief as may be just and proper.

Dated: February 8, 2017 Respectfully submitted,

By: /s/ *Matthew H. Armstrong*
Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
(972) 387-4040
stuart@stecklerlaw.com

Attorneys for Plaintiffs and the Putative Class